IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MISLE PROPERTIES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>LBUBS 2004-C2 CRANBERRY RETAIL GP, LLC, t/a LBUBS 2004-C2 CRANBERRY RETAIL LIMITED PARTNERSHIP; LNR PARTNERS, LLC; ROE, INC., r/n/u; and DOE, LLC, r/n/u;<br><br>    Defendants. | 4:18CV3121<br><br>ORDER AND<br>FINDINGS AND<br>RECOMMENDATION |

    This matter is before the Court on Plaintiff's Motion to Remand to State Court (Filing No. 18) and the Motion for Leave to Amend Notice of Removal (Filing No. 21) filed by Defendants LBUBS 2004-C2 Cranberry Retail GP, LLC ("LBUBS GP") and LNR Partners, LLC ("LNR"). The Court will grant Defendants' motion to amend their notice of removal and recommend that Plaintiff's motion to remand be denied.

**BACKGROUND**

    Plaintiff filed this action against Defendants in the District Court of Lancaster County, Nebraska, seeking $680,323.22 in alleged overpayments on a loan. (Filing No. 1-2). On August 28, 2018, Defendants LBUBS GP and LNR removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Filing No. 1). On October 25, 2018, Plaintiff filed an Amended Complaint adding additional claims against Defendants as well as the instant motion to remand. (Filing No. 17; Filing No. 18). Plaintiff argues remand is necessary because Defendants failed to establish that complete diversity exists.

    In response to Plaintiff's motion to remand, LBUBS GP and LNR filed the instant motion to amend their Notice of Removal "for the sole purpose of providing additional detail regarding the identity of each LLC member between LNR and [Starwood Property Trust, Inc]." Defendants assert their amended notice of removal "does not otherwise differ from the original notice of removal or affect whether diversity jurisdiction existed at the time of removal." (Filing No. 22). Plaintiff did not file a brief in opposition to Defendants' motion for leave to amend.

## ANALYSIS

After the thirty-day period for seeking removal expires, a notice of removal "may be amended to add specific facts which further explain the grounds for removal stated in the original removal notice, but not to add a completely new basis for removal jurisdiction." *McNerny v. Nebraska Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1115 (D. Neb. 2004)(citing *Lastih v. Elk Corp.*, 140 F.Supp.2d 166 (D. Conn. 2001). Defendants removed this case on the basis of diversity jurisdiction and now request leave to amend their Notice of Removal to clarify the citizenship of LNR to further support their removal based on diversity jurisdiction. Plaintiff did not oppose the motion. Because Defendants do not request to add a new basis for removal jurisdiction and seek only to clarify the original basis for removal, the Court will grant Defendants' motion. The Court will consider Defendants' Amended Notice of Removal (Filing No. 21-1) for purposes of Plaintiff's motion to remand.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001)(citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). In this case, there is no dispute that the amount in controversy is met, as Plaintiff is seeking $680,323.22 in damages. (Filing No. 1-1; Filing No. 17). Instead, Plaintiff asserts that Defendants have not established that complete diversity exists because LBUBS GP and LNR did not identify the citizenship of each of their members. (Filing No. 19). After review of the pleadings and Defendants' corporate disclosures, the undersigned concludes that Defendants have demonstrated complete diversity of the parties.

Plaintiff, Misle Properties, LLC, does not dispute that it is a citizen of Nebraska. Plaintiff's sole member is ABRAM, LLC, a limited liability company organized under Nebraska law, and ABRAM, LLC's sole member is Helen Misle, a citizen of the state of Nebraska. See Filing No. 21-1; *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

Defendant has demonstrated that LBUBS GP, LLC, is a citizen of the state of South Dakota. LBUBS GP's sole member is Wells Fargo Bank, N.A., "as Trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2004-C2, Commercial Mortgage Pass-Through Certificates, Series 2004-C2," which is a "real estate mortgage investment conduit" ("REMIC").

"[O]nly the trustee's citizenship is relevant for diversity purposes." *BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 894 (8th Cir. 2013)(citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 469 (1980)); see also *WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC*, 964 F. Supp. 2d 265, 269 (S.D.N.Y. 2013)(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990))("When . . . an LLC's sole member is a trustee, the LLC's membership is determined by the citizenship of the trustee alone."). The Amended Notice of Removal and LBUBCS GP's corporate disclosure statement provide that Wells Fargo Bank, N.A. is a national banking association and that its articles of association designate South Dakota as its main office. (Filing No. 3; Filing No. 21-1). "A national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 (8th Cir. 2013)(citing *Wells Fargo Bank, N.A. v. WMR e–PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011)). Accordingly, LBUBS GP is a citizen of the state of South Dakota.

Plaintiff argues that LNR identified in its corporate disclosure statement that it has a parent corporation which is a trust but did not identify the citizenship of each of the members. (Filing No. 19). Thereafter, Defendant filed an amended corporate disclosure statement (Filing No. 23) and the amended notice of removal that identifies the citizenship of all members of LNR through its parent corporation, Starwood Property Trust, Inc. ("SPT"). None of the members are citizens of Nebraska, and instead demonstrate that LNR is a citizen of Maryland and Connecticut. See Filing No. 21-1 at pp. 4-5; Filing No. 23.

Finally, as to Defendants Roe, Inc. r/n/u and Doe, LLC r/n/u, "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining whether an action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b).

In sum, the undersigned magistrate judge finds that the amount in controversy is at least $75,000 and that Defendants' Amended Notice of Removal and Corporate Disclosure Statements establish complete diversity of the parties. Therefore, the undersigned concludes this court has jurisdiction under 28 U.S.C. § 1332(a), and that Plaintiff's motion to remand should therefore be denied. Upon consideration,

**IT IS ORDERED:** Defendants' Motion for Leave to Amend Notice of Removal (Filing No. 21) is granted. Defendants shall file their proposed Amended Notice of Removal (Filing No. 21-1) on or before December 28, 2018.

**IT IS HEREBY RECOMMENDED** to the Honorable John M. Gerrard, Chief United States District Court Judge, that Plaintiff's Motion to Remand to State Court ([Filing No. 18](#)) be denied.

Dated this 12th day of December, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order and findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the order and findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.