IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Misle Properties, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>LBUBS 2004-C2 Cranberry Retail GP, LLC, trading as LBUBS 2004-C2 Cranberry Retail Limited Partnership; LNR Partners, LLC; Roe, Inc. r/n/u; and Doe, LLC, r/n/u,<br><br>     Defendants. | 4:18-CV-3121<br><br>ORDER |

  This matter is before the Court on the Magistrate Judge's Order and Findings and Recommendation (filing 33), recommending that the plaintiff's motion to remand (filing 18) be denied. The Court will adopt the findings and recommendation and deny the motion to remand.

  The Court notes that the plaintiff did not, as required by this Court's rules, object to the Magistrate Judge's findings and recommendation. *See* NECivR 72.2(a) and (f). Instead, the plaintiff's brief (filing 35) in response to the defendants' motion to dismiss (filing 25)—filed the day *after* the Magistrate Judge made his findings and recommendation—includes what appears to be an untimely reply brief in support of its motion to remand.[1] But the plaintiff's

---

[1] The plaintiff's reply brief in support of its motion to remand was due on November 15. *See* NECivR 7.1(c). Although the plaintiff asked for additional time to respond to the defendant's motion to dismiss (filing 25), the plaintiff did not request—nor did the Court grant— additional time to reply in support of its motion to remand. *See* filing 31; filing 32. So, the

brief is hard to construe as an objection, given that it doesn't mention the findings and recommendation at all.

Even if the brief is somehow construed as an objection, however, it is without merit.[2] The plaintiff has effectively demonstrated its (somewhat understandable) frustration with the Russian nesting dolls of corporate ownership that are often involved with mortgage-based investments. *See* filing 35 at 4-8. But the plaintiff has not demonstrated error in the Magistrate Judge's careful reasoning, as supported by the detailed allegations in the defendants' amended notice of removal (filing 36). Accordingly, the Court will adopt the Magistrate Judge's findings and recommendation and deny the plaintiff's motion to remand.

IT IS ORDERED:

1. The Magistrate Judge's findings and recommendation (filing 33) are adopted.

---

motion to remand was ripe for disposition well before the Magistrate Judge entered the findings and recommendation.

[2] The Court recognizes that there is a split of authority regarding whether a Magistrate Judge's decision on a motion to remand is dispositive or nondispositive for purposes of review by an Art. III judge. *See Banbury v. Omnitrition Int'l, Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993). But many courts have concluded that such an order is effectively dispositive. *See Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763-64 (5th Cir. 2016); *Flam v. Flam*, 788 F.3d 1043, 1046-48 (9th Cir. 2015); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517-18 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-96 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998). Out of caution, the Court has reviewed the Magistrate Judge's findings and recommendation *de novo*.

2. The plaintiff's motion to remand (filing 18) is denied.

Dated this 27th day of December, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge